## SCAGGS v. GALLAGHER.

EASEMENTS; DEEDS; EQUITY.

Where, for purposes of sale, the title of a lot is vested in trustees, and the lot is divided into three parcels and an alley, and one of the lots is sold, the deed of conveyance describing it as being bounded by the alley and conveying all the easements appertaining to the lot, the easement of the grantee in the alley becomes fixed, and the title of subsequent grantees of the other parcels becomes burdened with the easement; and one of such grantees cannot destroy such easement by acquiring the legal title to the alley from the trustees. Under such circumstances, the fact that the alley was, until such acquisition, assessed for taxes in the name of the trustees and had never been accepted by the municipality as a public alley, is immaterial. (Citing *Frizzell* v. *Murphy*, 19 App. D. C. 440; *Wood* v. *Grayson*, 22 App. D. C. 432; *Wilson* v. *Riggs*, 27 App. D. C. 550, and *Robinson* v. *Hillman*, 36 App. D. C. 241.)

No. 2926.   Submitted October 9, 1916.   Decided November 14, 1916.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia declaring the title of the defendants to certain real estate to be subject to a perpetual easement for alley purposes in the plaintiff.

*Affirmed.*

NOTE.—On right of grantee to claim an easement, implied covenant, or estoppel, as against the grantor, by a call in a deed for a street or alley in which the grantor owns the fee, see note in 14 L.R.A.(N.S.) 878.

On bounding land on alley as covenant that alley exists, where grantor does not own the fee thereof, see note in 10 L.R.A.(N.S.) 964.

o

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District declaring the title of appellants, Edward O. Scaggs and Marion E. Scaggs, in a certain strip of land to be subject to a perpetual easement for alley purposes in appellee, James B. Gallagher, appellee.

From the evidence in support of the bill the following facts appear: On and prior to July 1, 1883, the title to block 7 in Todd & Brown's subdivision in the District of Columbia was vested in Algernon R. McChesney and Henry Bakersmith, as trustees for the Enterprise Building Company, an unincorporated association, with power to sell and convey at their discretion. This block fronts on Georgia avenue, formerly Seventh Street road, extending to Sherman avenue, its southern boundary being Irving street, once known as Wallach street. For the purpose of sale the block was divided into parcels, lot 1 being divided into three parcels and marked respectively "Gallagher," "Westermeyer," and "Scaggs," on the following diagram taken from the records:

It will be observed that the Gallagher and Westermeyer parcels front on Georgia avenue, and that in the rear is an alley 10 feet wide and extending from the north line of Irving street to the north line of lot 1.

The first parcel transferred was that marked "Gallagher," which was conveyed June 13, 1883, to John W. Payne. In the deed the parcel is described as being bounded on the west by an *alley,* and with the parcel was conveyed "all the improvements, ways, easements, privileges, rights, appurtenances, and hereditaments to the same belonging or in anywise appertaining." By deed dated September 6, 1883, this parcel was conveyed to the appellee Gallagher, the description in the deed being the same as in the deed from the trustees to the grantor. Thereupon, Gallagher built a dwelling house on the front of his lot and in the rear erected a shed having a door or gate opening into said alleyway.

Thereafter, on November 4, 1886, the title to the Scaggs parcel was conveyed to the appellant Edward O. Scaggs, and a dwelling was erected thereon by him, the proof showing that "Scaggs and his wife always fully recognized the existence of said strip of land as a private alleyway * * * for the benefit of the three parts of said lot 1, into which it had been subdivided and sold." Neither Scaggs nor his wife ever claimed or asserted any right or interest in this alley other than as owners in common with the appellee and the owner of the Westermeyer parcel, until after August, 1914, a period of approximately twenty-eight years.

Bakersmith, one of the trustees, having left the jurisdiction (it does not appear whether or not he still is living), the other trustee, McChesney, was annoyed by being sent bills for taxes on this alley. In 1910 Mr. McChesney wrote the District authorities that the trustees had offered "to donate this property to the District of Columbia for an alley, for which purpose it was originally left years ago," but it appeared they had not accepted it; that so far as he was concerned he had nothing whatever to do with it. Mr. McChesney testified that in the month of August, 1914, Mr. and Mrs. Scaggs represented to him that Mr. Gallagher had bought the alley for taxes (which was not the fact), and intended to close it, and to prevent such closing they requested him, McChesney, to give them a deed therefor; that they referred to the strip as an alley, and that he

finally executed a conveyance to them as joint tenants in fee without consideration and with the understanding that "it was meant to be used and conveyed for no other purpose than that of an alleyway." There was further testimony tending to show that during all the years subsequent to the sale of the three parcels before mentioned this alley was well defined, that it was used in common by the owners of the different parcels, and that it was reasonably necessary to the enjoyment of the Gallagher lot.

Appellants contented themselves with offering in evidence their deed to the "Scaggs" parcel and the deed of August 19, 1914, to said alley strip. All the foregoing deeds had been duly recorded.

*Mr. George W. Drew* for appellants.

*Mr. John Ridout* and *Mr. Oscar Nauck* for appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The decree below was right. That this alley had been assessed for taxes as the property of the trustees and never had been accepted as a *public alley* is quite beside the question. The moment the trustees conveyed the Gallagher parcel with a recognition of the existence of this alley, which was reasonably necessary to the enjoyment of the parcel conveyed, the easement of the grantee became fixed and the title of subsequent grantees of the other parcels, including the grantee of this alley, was burdened with this easement. The rule is so well established and has been so frequently and carefully stated that we shall not dwell upon it. In *Frizzell* v. *Murphy,* 19 App. D. C. 440, where the owner of two adjoining lots, having built a house on each, the second story of one house projecting over the adjoining lot 3 or 4 feet, conveyed the lot upon which this house stood with the improvements, easements, rights, and privileges thereto, appertaining, it was held that neither the grantor nor anyone claiming under him thereafter could challenge the situation.

The court said: "By this severance, what was at that time a mere quasi easement for the benefit of the building on Lot No. 5 became a fixed and permanent easement by implied grant, and the owner thus conveying the one lot as the quasi dominant tenement could not derogate from his grant or deny to his grantee, or those claiming under the latter, the use and benefit of what was at the time of severance of the unity of ownership an open and apparent easement reasonably necessary to the enjoyment of the part granted." It was pointed out that after this easement the original owner could not with success have asserted a claim to have the projection removed, and that what he could not do those who claimed under him could not do. In *Wood* v. *Grayson,* 22 App. D. C. 432, the court quoted the words of Mr. Justice Story in *United States* v. *Appleton,* 1 Sumn. 492, Fed. Cas. No. 14,463, as follows: "In truth, every grant of a thing naturally and necessarily imports a grant of it *as it actually exists,* unless the contrary is provided for." See also *Wilson* v. *Riggs,* 27 App. D. C. 550; *Robinson* v. *Hillman,* 36 App. D. C. 241.

In the present case, the power of the trustees to subdivide lot 1 in the manner shown on the diagram is not questioned, nor could it be, since the reservation of this alley rendered more salable each of the other parcels, and especially enhanced the value of the Gallagher parcel, which otherwise could have been entered from the front only. In view of the situation then existing, it is too plain to admit of doubt that the existence of the alley was taken into consideration by the parties when the sale of the Gallagher parcel was made. Having sold that parcel with reference to the alley, the grantors could not thereafter derogate from their grant by interfering with the enjoyment by the grantee of the easement impliedly granted. And what could not be done by the original grantors obviously may not be done by appellants, their grantees.

Decree affirmed, with costs.                    *Affirmed.*